# JANUARY 30, 1935

### EX PARTE RAYMOND BAKER.

No. 17308.   Delivered November 7, 1934.
Rehearing Denied January 30, 1935.
Reported in 78 S W. (2d) 610.

590

The opinion states the case.

*Terrell, Davis, Hall & Clemens* and *A. V. Knight,* all of San Antonio, and *Cox & Brown,* of Temple, for appellant.

*Sam D. Snodgrass* of Temple, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The relator was tried and convicted in the corporation court of the city of Temple for a violation of an ordinance duly enacted by the City Commission of said City, which ordinance we will not undertake to set out in full but merely copy the caption and such sections and subsections as we deem necessary to be considered in disposing of this case.

The caption reads as follows:

"An Ordinance regulating and licensing certain persons engaged in the business of itinerant vendors of certain products and goods in the city of Temple, Texas; defining itinerant vendors; fixing license fees; prescribing the kind of vehicles to be used by itinerant vendors; prohibiting persons with infectious diseases to engage in the business of itinerant vendors; providing for the inspection of such persons and their products, goods and vehicles; making exceptions and exemptions; providing for penalties for the violation thereof; repealing all ordinances or parts of ordinances in conflict therewith; providing for a saving clause and declaring an emergency:

"Section One: That from and after the passage of this ordinance it shall be unlawful for any person, firm or corporation to engage in the business of itinerant vendor within the corporate limits of Temple, Texas, without first obtaining a license as hereinafter provided.

"Section Two: The term 'itinerant vendor' for the purpose of this ordinance shall be construed to mean any person, firm, corporation, or their agents and employees who are not operating a regularly established store or warehouse in Temple, Texas, for the purpose of merchandising their products and goods and who shall be traveling from place to place on and along the streets, alleys, or other public places of Temple, Texas, deliver, sell, offering for sale, and are delivering from any car, wagon, truck, automobile, or other vehicle any fruit, vegetable, garden product, meats, veal, pork, mutton, bread and other bakery products, fish, tea, coffee, salad dressing and spread, or other food products for human consumption.

"Section Three: The fee for a license for any person, firm or corporation engaged in the business of an intinerant vendor as herein defined is hereby fixed at $50.00 per year for each cart, wagon, truck, automobile, or other vehicle used in such business and such license shall be displayed in a conspicuous place on the left hand side of the vehicle. Such license shall be valid only for the period therein specified, shall not be issued for a longer time than one year; said license may be issued and paid for quarterly, that is, for three months at a time and in the event said license is issued for three months the fee therefor shall be $12.50. Said license shall not be transferable and no refund shall be made for any unused license.

"Section Eleven: Any person who shall violate or refuse to comply with any of the provisions of this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not less than $5.00 and not more than $100.00. Each and every day that any person shall violate any section of this ordinance shall be a separate offense.

"Section Fourteen: The fact that there is no adequate ordinance regulating the sale of food products on the streets, alleys, and other public places of Temple and the further fact that it is necessary to protect the health of the people of Temple creates an emergency, and this ordinance is hereby declared to be an emergency measure and the rule requiring ordinances to be read at three separate meetings be and the same is hereby suspended, and this ordinance is hereby placed on its first, second, and third reading and shall take effect from and after the passage and publication as required by city charter."

The relator did not appeal from the judgment of conviction to the county court because the maximum penalty provided for in said ordinance is not more than $100 and by reason

thereof the county court could not enter a judgment against him in excess of the penal sum of $100 which would be final, and from which judgment he could have no right of appeal to the Court of Criminal Appeals. He therefore applied to the County Judge of Bell County, being the county in which the city of Temple is located, for a writ of habeas corpus. Upon a hearing of said application by the County Judge, he denied said writ and declined to discharge relator, and thereupon relator applied to the Court of Criminal Appeals for a writ of habeas corpus. In Ex parte Patterson, 58 S. W., 1011, this court, speaking through Judge Henderson, said: "In this case relator has been tried in the corporation court of Wills Point, adjudged guilty, and was in custody of the officer, but did not prosecute an appeal. His appeal, however, would have been to the county judge; and, even if an appeal had been prosecuted, the punishment, if it had been less than $100.00, would not have authorized an appeal to this court, and the county judge refused a writ. So we take it that this is a proper case for the granting by this court of an original writ. It may be regarded as settled law in this State that the writ of habeas corpus is the proper remedy, and relief will be granted, as against a city ordinance, where the ordinance in question is so unreasonable as to be void."

Therefore, this case is properly before this court on original application for a writ of habeas corpus.

The testimony adduced upon the hearing, briefly stated, is as follows: Relator was and is an employee of the Hilltop Baking Company, a corporation engaged in the manufacture and sale of Bakery products, with its principal place of business located at Waco in McLellan County, Texas, under a permit issued by the State of Texas; that the relator as an employee of the Hilltop Baking Company carried bread, buns, and other food products manufactured by the Hilltop Baking Company at its plant in Waco from the city of Waco to the city of Temple in a truck where he sold the same at wholesale to various merchants who in turn sold same at retail to their customers; that he made daily trips from Waco to Temple where he would drive his truck to the place of business of his customers, ascertain the number of loaves of bread desired, and then return to his truck, which was invariably parked on the streets in front of the mercantile establishment, and take therefrom the required loaves of bread, carry same into the store, place them on the display rack, and then make out a bill and collect for same; that there are three separate and distinct bakeries lo-

cated in the city of Temple engaged in the manufacture and sale of bread, buns, and other food products and who also sell at wholesale to various merchants of said city and make delivery of their products by the same means and in the same manner as relator did. Counsel for the city of Temple testified that it was his understanding and he interpreted said ordinance to mean that anyone who sold bakery products in the city of Temple and delivered them in a truck, but had no store or warehouse within the city limits, came within the ordinance and is inhibited from doing business in the city under said ordinance. He further testfied: "Of course, I would not prosecute anyone who does not come under the terms of the ordinance and my construction of the ordinance is that a man who has a store or a warehouse here does not come under the terms of the ordinance." It was agreed by the relator and the attorney representing the city that the city of Temple is a municipal corporation with a population in excess of five thousand inhabitants and is operating under a special charter adopted by the qualified voters of the city in the month of July, 1922, which confers upon said city the full power of local self-government and all of the powers set forth and enumerated in chapter 13, title 28, of the Revised Civil Statutes of Texas, 1925. It was further agreed that section 2 of art. 3 of said city charter reads as follows: "The city of Temple shall have the power to make and enforce all ordinances necessary to protect health, life, and property and prevent and summarily abate and remove all nuisances and preserve and enforce good government and order and security of the city and its inhabitants; provided, that no ordinance shall be enacted inconsistent with the provisions of this charter, the general laws or the Constitution of the State of Texas, it being the intention to obtain by the adoption of this charter full power of local government and the city of Temple shall have and exercise all of the powers of local government granted to cities having more than five thousand inhabitants by what is known as the Home Rule Amendment to the Constitution of the State of Texas, and the Home Rule Enabling Act passed by the Legislature of Texas in 1913 and now known as Chapter 17 of Title 22 of the Revised Civil Statutes of Texas."

That section 35 of art. 3 of said charter reads as follows: "To license the operation and control the operation of all character of vehicles using public streets, including motorcycles, automobiles, or like vehicles, and to prescribe the speed of same, the qualification of the operator of same and the

lighting of the same by night, and to provide for the giving of bond or other security for the operation of same."

Relator's main contention is that the ordinance violates the 14th amendment to the Federal Constitution and also sections 3 and 19 of art. 1 of the Constitution of this State. The 14th amendment of the Federal Constitution, among other things, provides as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. Nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Section 3 of art. 1 of the Constitution of Texas reads as follows: "All freemen, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." Section 19 of art. 1 of the Constitution of Texas reads as follows: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by due course of the law of the land."

The main question for consideration by this court is, first, whether the ordinance makes an arbitrary and discriminatory distinction between bakeries located in the city of Temple who send their employees with food products in trucks along and upon the public streets of said city for the purpose of selling and delivering their products to retailers without being amenable to said ordinance, while persons having no established store or warehouse or place of business within the city limits who sell and deliver their food products by the same means and in the same manner come within the ban of the law; and, second, whether the ordinance is void because it attempts to impose a penalty different from the State law upon the same subject.

It is a familiar rule that the validity of an act is to be determined not alone by its caption and phraseology but also by its practical operation and effect. Is the ordinance designed and intended to regulate the streets of the city or to regulate and license persons engaged in a given business? That it does not attempt to regulate the use of the streets is evident as there is not a single provision in the ordinance purporting to regulate the use of the streets or other public places, but it does attempt to regulate an occupation in that it imposes a license fee per annum upon all persons or corporations having no store or warehouse within the city limits who are engaged in selling at

wholesale food products and it undertakes to impose a fine for a failure or refusal to first obtain a license, while those who have a store or warehouse located within the city limits are exempted from the operation of the ordinance. In other words, it permits any person having a store or warehouse in the city limits of the city of Temple to pursue the occupation of an itinerant vendor as defined by said ordinance without the payment of any license fee but does impose upon any or all persons having no store or warehouse within the city limits, but who sell at wholesale in the same manner and deliver by the same means a license fee of $50 per annum. It appears to be an undisputed fact that the salesmen of the Hilltop Baking Company are pursuing the identical occupation engaged in by the salesmen of the Temple Bakers in exactly the same way. The only difference which we can see is that one is a transient vendor because his supply house is in Waco, Texas, and the others are not transient vendors because their supply house is located within the city limits of the city of Temple. An ordinace which attempts to distinguish between persons engaged in the same or like business merely on the basis of their residence or the location of their business houses is in contravention of the Constitutional provisions hereinabove quoted. We think such ordinance whether it purports to be an exercise of the police power or the power to tax is discriminatory in that it is not based upon any reasonable classifications. A city or town may under its police power make and enforce within its limits any traffic, sanitary, or health regulations which are not in contravention of the organic law of the land, but it cannot under the guise of its police power enact any ordiance which would deny any man or set of men equal rights or abridge their privileges or immunities, or deprive them of their property without due process of law. There is no testimony that the trucks in which the food products were transported from Waco to Temple were unsanitary or that the food products were not wholesome. An inspection of the ordinance reveals the fact that provision is made therein for an inspection by the city health officer of vehicles in which food products are delivered within the city limits of Temple, Texas, but no provision is made for inspection by the city health officer of the food products delivered in such vehicle. It occurs to us that under the ordinance if a person had a clean and sanitary vehicle, although the food products which he may convey therein were decayed and contaminated with all kinds of germs, that the operator of said vehicle would not be liable under the

ordinance above quoted. Hence, it will appear that although the caption of the ordinance purports to enact a health measure, yet the ordinance itself seems to fall far short of that purpose.

While the courts of this State have not construed an ordinance like the one under consideration, yet ordinances drafted along somewhat similar lines have been held to be unconstitutional and void by courts of other jurisdictions. See In re Robinson, 230 Pac.,175; In re Hines, 164 Pac., 339; Ex parte Hart, 172 Pac., 610; Ideal Tea Company v. Salem, 150 Pac., 852; Ex parte Deeds, 87 S. W., 1030; Nafziger Baking Company et al. v. City of Salisbury et al., 48 S. W. (2d) 563; Ward Baking Company v. City of Fernandina, 29 Fed. (2d) 789; A-Loaf Baking Company v. Pace, 19 S. W. (2d) 459. In the case of In re Hines, supra, the relator delivered laundry work in Venice from an establishment outside the corporate limits of the city in the same manner that laundry work was delivered to people of the city from laundries within its limits. A greater license fee was required from him for operating and maintaining his wagon than from those conducting a laundry business within the city. The Supreme Court of California in construing the ordinance said: "We are of the opinion that the provisions of the ordinances under which petitioner has been convicted attempt to create and enforce a discrimination not based upon differences in the nature of the business being transacted or differences in the manner of conducting the same business or any other difference other than the mere fact of difference in destination of the goods collected and delivered by wagons collecting for laundries located outside of the city and the destination of goods collected for delivery to laundries within the city. The license provisions in question are plainly devised as a protective tariff for the benefit of laundries located in the city of Venice."

It appears to us that the ordinance under consideration was designed and its application would, if it were valid, establish a protective wall around bakeries located within the city of Temple and create a monopoly on the bakery business and deny to outsiders the same privileges and equal rights unless they paid an annual license fee of $50.

There are other questions involved but inasmuch as we have reached the conclusion that the ordinance is discriminatory and unconstitutional, we do not deem it necessary to enter upon a discussion of the same.

Wherefore, the relator is ordered discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In its motion for rehearing respondent seems not to have apprehended our opinion. We did not hold that the ordinance in question was void because it sought to impose an occupation tax upon relator. Our opinion is based on our conclusion that the effect of said ordinance was to forbid the relator the right to sell his products within the city limits of Temple, Texas, without procuring a license, the imposition of which license fee had no other or better reason than that relator did not operate a regularly established store or warehouse in Temple, and that he drove his truck delivering bread made in another city, from store to store of his customers in Temple, while others,—his competitors, who were engaged in a like business conducted in a similar manner, who did have established stores or warehouses within the city limits of Temple, and did drive their delivery trucks from house to house exactly in the same manner as did relator,—were not required to take out or pay a license fee as a prerequisite for so doing business. This,—we held an unwarranted discrimination between citizens of this commonwealth,—an abridgment of the rights and privileges guaranteed to all citizens alike in this country,—and a denial to one freeman of his just right to the equal protection of the laws of the land. Nothing in our opinion denies to the governing body of the city of Temple the right to enact laws fair and just to all alike,—providing for the same inspection, the same standards of fitness for food products of all kinds, whether fruits, vegetables or manufactured products, sold and offered for sale to the citizens of Temple. We said and intended to say that merely because a man or a group of men own and operate a bakery across the street outside the city limits of said city, neither he nor they should be compelled to pay a license fee of fifty dollars per year as a condition precedent to selling clean and fit bread within such city, while those whose bakery is within the limits of said city are not required to have a license for such selling, notwithstanding the inside products be exactly the same and the business carried on in exactly the same manner as that of the outside producer.

While contending that the ordinance is a health measure, respondent fails to point out any part of same which provides

for the inspection of the merchandise or product handled or sold by the person defined in said ordinance as an intinerant vendor, it being only provided that the vehicle of such person may be inspected, and if such person sell, or have in possession, any unwholesome products, it shall be unlawful.

Respondent also sets up that we erred in holding that said ordinance permits any person having a store or warehouse within the city limits of Temple, to pursue the occupation of an itinerant vendor, as defined in said ordinance, without payment of a license fee, but does impose such payment upon all persons having no store or warehouse within said city limits, but who sell at wholesale in the same manner and deliver in the same manner. Said ordinance plainly defines as an itinerant vendor any person who does not operate a regularly established store or warehouse in Temple, "*And* who shall by traveling from place to place on and along the streets, etc., of Temple, sell or deliver * * * food products for human consumption." It would hardly seem necessary to further call attention to the fact that said ordinance is not in any sense aimed at a "vendor," but at a vendor who moves about and hence is itinerant. All vendors of food stuffs in Temple who merely move about as they deliver their wares, are not penalized by this ordinance, but only those who come into the city to sell products made elsewhere.

No attempted distinction is based on the conditions surrounding such food products in transit, or in the manner or character of hauling or handling; no standards are therein set up of freshness, preparation or healthfulness of said products by which outside producers may measure their products. The only ground for discrimination is that if they live and manufacture outside and sell and deliver inside, and have no store or warehouse inside,—they become criminals unless they pay an annual license fee of fifty dollars, which is not demanded if they have a store or warehouse inside, even thought the product be identical from every standpoint of health, comfort or convenience.

We find nothing contrary to what we have held in this opinion in the cases of City of San Antonio et al. v. Teague et al., 54 S. W. (2d) 566; Gerald et al. v. Smith et al., 52 S. W. (2d) 347; Mims et al. v. City of Fort Worth et al., 61 S. W. (2d) 539; Ex parte Bradshaw, 159 S. W., 259.

While classification of subjects is a legislative function primarily, yet if such classification be as here, purely arbitrary, it will not be upheld under any authorities known to us. The

fact that section ten of said ordinance forbids an itinerant vender to have in his possession food products which are unclean, unwholesome, etc., would in no way affect the classification attempted in said ordinance, and upon the existence of which the license fee was demanded. Relator was not charged with violation of section ten of said ordinance, but with failure to pay the license, and if the command of the ordinance in question went no further than to forbid the sale of food products by any vendors within the city of Temple, unless same be clean, wholesome, untainted, etc., and if the charge herein was a violation of such an ordinance, our conclusion would have been wholly different.

Not being able to agree with any of the contentions of the respondent, its motion for rehearing will be overruled.

*Overruled.*