NO. 3072

ARTICLE 1415a, REVISED CIVIL STATUTES, HELD

UNCONSTITUTIONAL

Opinion construing Article 1415a, Revised Civil Statutes, and holding:

> Art. 1415a, R.C.S., which requires commercial colleges organized after its passage in 1929 to give a bond, and exempting from its provisions all commercial colleges then in existence, is unconstitutional.

OFFICE OF THE ATTORNEY GENERAL

July 13, 1939

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-912
Re: Art. 1415a, R.C.S., which requires commercial colleges organized after its passage in 1929 to give a bond, and exempting from its provisions all commercial colleges then in existence, is unconstitutional.

Your letter of June 1, 1939 received. You submit the following question:

> "Is that portion of Article 1415a unconstitutional in requiring a surety bond to be executed by business colleges formed after the passage of said Act and exempting business colleges already doing business from giving of such bond?"

In order to properly construe said provision of the statute, we deem it wise to state the effect of the entire article from which the above provision is taken.

Article 1415a of the Revised Statutes was passed in 1929.

Section 1 thereof provides that any person, partnership, association or corporation which may desire to open a Commercial College, or to establish a branch college or school in this State for the purpose of teaching bookkeeping, stenography, typing, telegraphy, and other courses which are usually taught in Commercial Colleges, shall first apply to the Secretary of State for a permit.

Section 2 of said Article provides that before the Secretary of State shall issue such permit, he shall require a bond in the sum of ten thousand dollars, signed by a solvent guaranty company, payable to the County Judge of the County in which the college is to be opened, "conditioned that the principal in said bond will carry out and comply with each and all contracts, either verbal or written, made and entered into by said college, or branch college or school, acting by and through its officers or agents, with any student who desires to enter such college and to take any course in commercial training, and to pay back to such student all amounts collected for tuition and fees in case of failure on the part of the parties obtaining a permit from the Secretary of State to open and conduct a Commercial College or branch college or school, to comply with its contracts to give the instruction contracted for, and for the full period evidenced by such contract."

Section 3 of said Article provides that in any and all cases where the party receiving the permit fails to comply with any contract made with any student, parents or guardian of such student, such student or his parents or guardian shall have a cause of action against the sureties on the bond for the full amount of the payments made to such person, with 10% interest from the date of the payment, and for reasonable attorney's fees for instituting and prosecuting such suit.

Section 5 of said Article provides that the provisions of this Act shall not apply to any University, College or regular High School which has heretofore adopted or which may hereafter adopt one or more commercial courses nor to any Commercial College heretofore established.

From a careful reading of said statute as a whole, it appears that a commercial college that was in existence at the time the law was passed is exempt from executing any bond; while a commercial college organized thereafter must execute the bond.

The Constitution provides that all persons have equal privileges and rights. No law can be passed which gives one class of persons an advantage over a similar class. Our courts have universally held that where the Legislature attempts to discriminate and exclude any class from the provisions of a law, there must be a reasonable basis therefor.

The only basis for the discrimination in the statute in

question is one of time. A commercial college in existence at the time the law went into effect could continue in business for an indefinite period of time and violate any and all of its contracts that it saw fit. The only penalty that it would suffer would be a suit at the hands of the injured party, and upon a recovery it would be required to pay the judgment and 6% interest thereon. Under Article 1415a, all those who engaged in the commercial college business after its enactment were required to execute a ten thousand dollar bond, and in the event they failed to comply with their contract, the injured party could recover his damage, plus 10% interest, plus reasonable attorney's fees.

The commercial college in each instance would be performing identically the same class of education, using the same grade of teachers, with the same qualifications and having the same financial standing or backing, time alone being the factor on which the classification was built. No reason could be assigned why a commercial college that was existing in 1929 should be immune from a law which required those established after said date to execute a bond requiring the contracts made with their students to be complied with.

In order for the courts to sustain the constitutionality of any law, there must be such a reasonable basis for the classification that it will not violate the constitutional provision against granting exclusive privileges and immunities.

The question of class legislation has been a source of much litigation in the United States. Generally speaking, the constitutionality of a law must be governed by the peculiar facts, conditions, and circumstances surrounding the purpose to be accomplished or the evil to be remedied. It would be useless, we think, to enter into an extended discussion of the various Acts by the legislative bodies and cite the various authorities, and attempt to reconcile same.

In Ex Parte Baker, 78 S.W. (2d) 610, the Court of Criminal Appeals held unconsitutional an ordinance passed by the City of Temple, which in effect prohibited a person from selling goods upon the streets of Temple without first obtaining a license therefor, and exempting from the provisions of said ordinance all those who had a permanent place of business within said City. The court stated:

> "An ordinance which attempts to distinguish between persons engaged in the same or like business merely on the basis of their residence or the location of their business house is in contravention of Section 19, Article 1, of the Constitution, which reads, 'No citizen of this state shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by the due course of the law of the land.'"

In Ex Parte Dreibelbis, 109 S.W. (2d) 476, the Court of Criminal Appeals held invalid, because it violated the Constitution, an ordinance passed by the City of Glen Rose under the terms of which said City levied a tax upon every temporary merchant doing business in the City and exempting therefrom all merchants who had been engaged in business for as much as twelve months prior thereto. The court stated:

"That the ordinance in question is discriminatory is clearly demonstrated by the fact that a person who has been engaged in one of the designated businesses in said City for a year or more is exempt from the payment of the tax, while another person who has not been so engaged for such length of time is subject to the payment of the tax, and for his failure to do so, punishable by fine, although both parties may be engaged in the same kind of business, carrying the same kind and the same amount of merchandise. If this is not discrimination, then what is it?

"An ordinance which attempts to distinguish between persons engaged in the same or like businesses, merely on the basis of the length of time each is engaged in the business, is in contravention of Sections 3 and 19 of Article I of the Constitution."

In United States Automobile Service Club vs. Van Winkle, 274 Pac. 308, the Supreme Court of Oregon held unconstitutional a statute which provided that no automobile service club could obtain a license to transact business in that State without posting a twenty-five thousand dollar cash bond, because it exempted from the provisions thereof all automobile service clubs that had been in operation in Oregon for a period of more than five years and that had a paid membership of more than five thousand within the state. The court stated:

"We can perceive no substantial distinction between a corporation which has been engaged in business for more than five years, and one which has been engaged in business for four years or between a corporation which has contracted with more than five thousand persons and one which has contracted with only three thousand five hundred persons. They are all engaged in the same pursuit, and at the same time and place and under identically similar conditions. They enter into a form of contract which must first be approved by the State Insurance Commissioner, and they all engage to perform the same kind of service. What basis, therefore, can there be for any discrimination between them? The Act does not attempt to regulate the fees they are to charge, nor does it contain any reference to the extent of their obligations and liabilities. It recognizes only the length of time they have been engaged in business and the volume of business transacted.

Neither of these things bears any relationship to the objects and purposes of the statute. If any distinction is to be made, it would seem that the necessity for requiring a bond from the corporation doing the larger volume of business would be greater than from one doing a less volume. It is elementary that persons engaged in the same pursuit at the same time and place and under like conditions are entitled to be governed by a general law applicable to all who are so engaged.

"... In order that a statute be valid which contains a classification of persons or things for the purpose of legislation, such classification must be a reasonable one and must be based on real distinctions in the subject matter which bears some relationship to the objects sought to be accomplished by the statute.

"... The classification provided for by the Act is not founded upon any substantial difference between the two classes provided for. It denies the plaintiff the equal protection of the law by imposing upon plaintiff a burden which is not imposed upon one of plaintiff's competitors which is engaged in the same pursuit at the same time and under like circumstances, and therefore violates the Fourteenth Amendment of the Federal Constitution. It also contravenes Article I, Section 20, in that it grants to others 'privileges or immunities which upon the same terms, shall not equally belong to all citizens.'"

12 Am. Jur. 165 tersely states the correct rule as follows:

"A statute containing a classification which attempts to give an economic advantage to those engaged in a business at an arbitrary date as against all those who enter the industry after that date is not a regulation of a business in the interest of the public, and unless otherwise shown to affect the public welfare in a manner which will create some reasonable basis for the distinction, is arbitrary and unreasonable."

Since the Article gives to those who were engaged in the business of operating a commercial college at the time the law was passed privileges and immunities that are not given to those who establish a commercial college after the Act was passed, same is, in our opinion, unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Hon. Tom L. Beauchamp, July 13, 1939, Page 6.


By
George W. Barcus
Assistant


GWB:PBP

This opinion has been considered in conference, approved, and ordered recorded.


W. F. Moore
First Assistant Attorney
General of Texas