**TOWN OF ASCARATE v. VILLALOBOS.**

**No. 4620.**

Court of Civil Appeals of Texas. El Paso.
March 9, 1949.

Rehearing Denied April 6, 1949.

Knollenberg & Long, El Paso, for appel-lant.

Schuyler B. Marshall and Burges, Scott, Rasberry & Hulse, El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal by the Town of As-carate, hereinafter called defendant, from a judgment of the District Court of El Paso County, 41st Judicial District, in favor of Juan Villalobos individually and as Administrator, hereinafter referred to as plaintiff, enjoining the enforcement of an ordinance of the defendant as against plaintiff, his servants and employees. The trial was before the court without a jury, and on the motion of defendant the court made up and filed findings of fact and conclusions of law. The findings and conclusions, in our opinion, fairly and ably dispose of the issues arising between the parties. There is no question arising on the pleadings. It is deemed unnecessary to summarize same.

The defendant is a municipal corporation. It is completely surrounded by the boundary lines of the city of El Paso save where its southwesterly boundary is formed by the International Boundary between the United States and Mexico. Plaintiff is a common motor bus carrier, operating under a Certificate of Convenience and Necessity, from the Railroad Commission of Texas, with its western terminal in the City of El Paso and its easterly terminal the town of Fabens, Texas. The El Paso-Ysleta Bus Line, Inc., is a corporation operating by virtue of a Certificate of Convenience and Necessity from the Railroad Commission of the State of Texas between the city of El Paso and the town of Ysleta. The city of El Paso has a population in excess of 100,000; the town of Ascarate a population of 6,000, more or less. U. S. Highway No. 80 passes through the town of Ascarate and there is a broad four-lane boulevard highway with broad unpaved shoulders on both sides of said highway where a bus can pull completely off the pavement. The plaintiff operates its motor busses through the town of Ascarate on an hourly schedule, as likewise, prior to this controversy, did the El Paso-Ysleta Bus Line, Inc.

Defendant on the 4th day of May, 1948, passed an ordinance prohibiting any bus from stopping to pick up or unload pas-

sengers in the town unless such bus line had a franchise from the town of Ascarate, at any point other than the following five intersections of U. S. Highway 80 and: 1. Hawkins Way Road, 2. Maryland Drive, 3. 7th Avenue, 4. The eastern town limit of Ascarate, 5. Concepcion Street, being the western town limits of Ascarate. Excepted from the provisions of said ordinance were busses operated by any school district or political subdivision of the State of Texas, or the United States, and busses operated by any person, firm or corporation having a franchise from the town of Ascarate.

The distance between these permissible stopping places are as follows: (a) Concepcion Street to Hawkins Way Road, .4 of a mile; (b) Hawkins Way Road to Maryland Drive, .6 of a mile; (c) Maryland Drive to 7th Avenue, approximately, .75 of a mile; (d) 7th Avenue to eastern town limits is approximately, .15 of a mile.

Either immediately prior to or immediately subsequent to the passage of the ordinance summarized above, the Town of Ascarate granted a franchise to the El Paso-Ysleta Bus Line, Inc., giving it the right to operate its busses over various streets in the Town of Ascarate, and several other privileges and duties. In payment for the privileges accorded by this franchise it was provided by the franchise that the El Paso-Ysleta Bus Line should pay monthly to the Town a total aggregate sum of 2% of the gross receipts of the company, its successors, etc., derived from its operation within the town of Ascarate. However, it was further provided such gross receipts to consist of the total amount received from users of the company's busses entering or leaving said busses within the corporate limits of the Town of Ascarate under the company's rates or fares in existence at the time of such payments. It will be observed that this payment was to be measured by the amount paid by passengers embarking in Ascarate and disembarking in El Paso, and from fares of passengers embarking in El' Paso and disembarking in Ascarate. It may be observed here that by the terms of the ordinance of May 4, 1948, the El Paso-Ysleta

Bus Line was exempted from its terms. It, in the prosecution of its business as Intercity carrier was authorized to take on and discharge passengers within the Town of Ascarate just as it did before the ordinance. By the terms of the ordinance of the 4th day of May, 1948, the plaintiff was restricted from taking on passengers in its intertown or city traffic to the points named in the ordinance. The conclusion, we think, is inevitable that as to intercity traffic it resulted in discrimination between plaintiff's operations and those of the El Paso-Ysleta Bus Line, Inc.

After the granting of the franchise to the El Paso-Ysleta Bus Line, that company put on an additional bus or busses operating between the city or its terminals in the city of El Paso, and its various terminals in the Town of Ascarate. It is very clear from the evidence that the El Paso-Ysleta Bus Company received a negligible return from its operations wholly within the town of Ascarate. The plaintiff has never transported for hire passengers wholly within the city limits of Ascarate.

In the intercity transportation of passengers the enforcement between the two rival bus companies has resulted as follows: In case of plaintiff, passengers desiring to take its busses in Ascarate either proceeding easterly down Highway 80 to its terminal, or desiring to proceed westerly to El Paso, were compelled to walk considerable distances in order to take the bus, and passengers embarking on plaintiff's lines with the destination of Ascarate in a number of cases had to walk considerable distances to their homes. By virtue of the franchise acquired by the El Paso-Ysleta Bus Line, Inc., their passengers embarking either in El Paso for Ascarate or embarking in Ascarate for El Paso were put to none of these inconveniences. It is fairly inferable from the evidence that as the result of the enforcement of the ordinance as to plaintiff, his revenue from the intercity traffic decreased, and that as a result of being free from the restrictions of the ordinance in question that of the El Paso-Ysleta Bus Line increased.

It is thought that it is a fair deduction from the evidence that at the time the

franchise in question was granted and at all relevant times there was no reasonable demand for or the necessity of a motor bus transportation operating solely within the city limits of Ascarate; further that the purposes of and the effect of the ordinance and franchise considered together was for a consideration to give the El Paso-Ysleta Bus Line, Inc., the exclusive privilege of embarking and disembarking intercity passengers at points other than the five points specified in the ordinance. In our opinion the ordinance is void because it is discriminatory.

There is no question but what a town may make reasonable traffic regulations as to motor bus transportation authorized by the Railroad Commission. City of Ballinger v. Nichols, Tex.Civ.App., 297 S.W.480, 144 A.L.R. 1119.

It is likewise well settled that in the exercise of such regulatory powers over highways constituting a street of a city or town such regulations must be reasonable. City of Ballinger v. Nichols, supra.

A city ordinance which is discriminatory in its operation is likewise void, or beyond the power of the city or municipality to pass. Constitution of Texas, Art. 1, Sec. 3, Vernon's Ann.St.; City of Ballinger v. Nichols, supra; Ex parte Baker, 127 Tex. Cr.R. 589, 78 S.W.2d 610; Ex parte Smith, Tex.Cr.App., 211 S.W.2d 204; Schappi Bus Line v. City of Hammond, 7 Cir., 11 F.2d 940, modified and remanded 275 U.S. 164, 48 S.Ct. 66, 72 L.Ed. 218.

The effect of the ordinance is to regulate intercity transportation rather than to regulate traffic in its streets.

The effect of the enforcement of the ordinance in question is to accord the privilege of embarking and discharging intercity passengers to the El Paso-Ysleta Bus Lines, Inc., at whatever points it desires in the town of Ascarate, and to deny this privilege to the plaintiff or to any other carriers similarly situated. Since the passage of the ordinance and the granting of the franchise the El Paso-Ysleta bus company has added one bus to its intercity transportation. This bus operates exclu-

sively between points in the town of Ascarate and the city of El Paso. It is operated, we take it, under and by virtue of the authority granted by the Railroad Commission. Like operation by plaintiff would be permissible under its certificate from the Railroad Commission. If plaintiff should seek to operate a bus or busses solely between the points in Ascarate and El Paso it would be restricted in Ascarate to the points of embarkation and debarkation provided in the ordinance. Its competitor, the El Paso-Ysleta Bus Lines, would not be so restricted. There is no basis, to our minds, for such discrimination. In our opinion the ordinance was void, and it is ordered that the judgment of the trial court be and is in all things affirmed.