GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. HILDEGARD HAAS ET AL.

Decided November 9, 1898.

## 1. Contributory Negligence—Railway Company.

Deceased will be deemed to have been guilty of contributory negligence precluding recovery for his death from being struck by a train where it appears that he knew the train was coming, saw it, and must have known at the time it had not decreased its speed, and yet in midday, when there were no obstructions to his view, he stepped upon the track a few feet in front of the engine, which was moving rapidly.

## 2. Same—Signals Not Given at Crossing.

The failure to give signals upon the approach of a train to a crossing is immaterial where the person killed by the train was apprised of its approach before he attempted to cross the track.

APPEAL from Medina.    Tried below before Hon. I. L. MARTIN.

*Baker, Botts, Baker & Lovett* and *Clark, Ball & Guinn,* for appellant.

*T. M. Paschal, L. B. Easley,* and *Perry J. Lewis,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by Mrs. Hildegard Haas and her twelve children and two children of Phillip Haas, deceased, by a former wife, to recover damages in the sum of $25,000 for his death, which was produced by a moving engine on the track of appellant in the town of Dunlay, Medina County, on November 11, 1896. It was alleged in the petition that deceased was struck by a special train while he was attempting to cross the track at a public crossing, and that appellant was negligent in running into and through the town of Dunlay at the high, unusual, and dangerous speed of from forty to fifty miles an hour, without ringing a bell or giving a sufficient warning of its rapid approach; that the engineer saw deceased when the engine was 200 yards away, attempting to cross, yet he gave no warning of his approach and made no effort to stop the train. There was a trial by jury and a verdict for Mrs. Haas and six of her minor children in the sum of $4000, and a verdict for appellant as to the other plaintiffs, upon which judgment was rendered.

The evidence discloses that Phillip Haas, the deceased, was killed by a special train, in the small town of Dunlay, a station on appellant's railroad, while he was crossing the main track at a point 538 feet west of the depot. The crossing was not a public one, but was used by the section hands in going to and from the section house, which was on the north side of the track at a point 89 feet from the main track, where deceased was killed. Between the section house and the main track was a side track, 34 feet distant from the section house and 55 feet from the main track. From the point where deceased was killed to a road crossing west was 1158 feet, and from the same point to the west end of the side track was 568 feet. The general course of the railroad track at Dunlay is east and west. About 11:15 o'clock a. m., on November 11, 1896, deceased was at the section house, above located, talking to Mrs. Sophia Haas, the wife of his nephew, who was the section boss. Before coming to the section house he had left his wagon and team on the south side of the main track, near where the section men crossed it. The team was not tied. While talking to Mrs. Haas, a whistle sounded, and she remarked, "There comes the passenger." He started towards his team and said, "I want to get to my horses," and she followed him out on the gallery and told him to stay, that he could not cross the track before the train came; and he said, "Yes, I can make it." At the time that Mrs. Haas went on the gallery with deceased the train was in plain view coming from the west. Deceased ran on towards the main track along the route pursued by the section men in crossing to and from the section

house, and although he looked at the approaching train from a point fifteen feet or more from the main track, he did not halt but ran upon the track, and was struck by the locomotive and killed. Deceased must have seen the train when he left the section house, for it was in full view, and his view was obstructed at no point along his route except when he passed a tool house about — feet west of him, which was 12 by 14 feet in dimension, and which stood 17 feet from the main track. Deceased was in full view of the approaching train and not only could have seen it, but was looking in the direction it came and must have seen it. The train that killed deceased was a special, carrying the private coaches of officers of the company, and was running in advance of the regular passenger train, and on its time. It was not required to stop at stations. The highest rate of speed given it by any witness was thirty to thirty-five miles an hour. It does not matter as to whether the whistle had sounded or the bell rung or not, as deceased was fully apprised of the approach of the train and was in full view of it when he rushed upon the track. The engineer was in such a position that he did not see deceased until after he was struck by the engine, and the fireman did not see deceased until it was too late to check the speed of the train. No new duty devolved upon appellant by discovery of the peril of deceased. Sanchez v. Railway, 88 Texas, 117; Railway v. Breadow, 90 Texas, 26. There is therefore but one ground upon which negligence on the part of appellant can be predicated, and that is that appellant was in the habit of running its trains at a slow rate of speed through the switch limits of Dunlay; that this custom was known to deceased, and that, relying upon that custom, he attempted to cross the track and was killed, because the train was running at a rapid and dangerous rate of speed. The testimony on these points may have justified a finding that they existed. Let it be admitted that they were clearly proved, and still we are of the opinion that the facts show conclusively that deceased was guilty of negligence in going upon the track, which contributed to his death. One of the strong circumstances used by appellees to prove that the train was moving at a dangerous rate of speed was the fact that it had moved 1158 feet while deceased was going 75 or 80 feet, and this fact must have been known to deceased, because he looked at and knew the train was close to him, and must have known from the circumstance above stated, if from no other, that the train was moving very rapidly, and that it would be impossible in the space to be traversed to slacken its speed.

The case of McDonald v. Railway, 86 Texas, 1, is similar to the one now before this court. In the McDonald case, the train that killed the man was a through one and was passing through the small town of Hutto; it was at night; it was customary to decrease the speed of the train as it approached the depot; the train had not slowed up when McDonald stepped on the track and was killed. It was held that contributory negligence was proved. In this case Haas knew that the train was coming, must have known that it had not decreased its speed, and yet in midday,

at a point where there were no obstructions to his view, he stepped upon the track a few feet in front of a rapidly moving engine and met his death. He was clearly guilty of contributory negligence.

This case does not stand on a footing with any of the cases cited by appellees, but is more like the case of Railway v. Martin, 44 Southwestern Reporter, 703, recently decided by this court.

It is not necessary to consider the various assignments of error.

Because the proof established contributory negligence upon the part of deceased, the judgment is reversed and the cause remanded.

*Reversed and remanded.*