FEARIS v. GAFFORD, Co. Atty., et al.
(No. 7600.)

(Court of Civil Appeals of Texas. Dallas. June 29, 1918.)

1. COURTS ☞91(1)—SUPREME COURT—BINDING EFFECT ON COURT OF CIVIL APPEALS.
   Decision of the Supreme Court as to constitutionality of statute is binding upon Court of Civil Appeals.

2. INJUNCTION ☞105(2)—RIGHT TO REMEDY —THREATS TO PROSECUTE.
   A pool hall owner was entitled to injunction restraining county attorney and sheriff from interfering with his business on showing damage by their threats to prosecute him under void law as to pool halls, which prosecution would probably result in destruction of his business.

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Suit by Dave Fearis against B. F. Gafford, as County Attorney of Grayson County, and others. Decree for defendants, and plaintiff appeals. Reversed, and injunction granted.

Jones & Hassell, of Sherman, for appellant. Gafford & Cummins, of Sherman, for appellees.

TALBOT, J. The judgment in this case, at a former term of this court, was reversed and the cause remanded to the district court with instructions that the writ of injunction as prayed for be granted. Later we set aside our judgment reversing and remanding the cause for the reason that we were in doubt as to the correctness of our holding that appellant, under the facts alleged, could invoke the aid of a court of equity for the relief sought. This question was then before the Supreme Court for decision, and we have not sooner passed upon it ourselves because we have been hoping, since it is contended that no decided case in this state is applicable, for a decision of the question by our court of last resort.

The suit was instituted by appellant to restrain by injunction the appellees, B. F. Gafford, county attorney of Grayson county, H. H. Cummins, assistant county attorney of said county, and Lee Simmons, sheriff of said county, from interfering with appellant in the conduct and operation of a pool hall in the city of Sherman. The injunction was refused, and appellant appealed.

The petition alleges, in substance, that appellant was the owner of a pool hall, pool tables, pool and billiard balls, billiard cues, racks, chairs, etc., located in the Caruthers building in the city of Sherman, Grayson county, Tex., and who was conducting the same in a lawful manner under license and privilege of the state of Texas, the county of Grayson and city of Sherman, and that while so conducting the same defendants and each of them entered upon his premises and without lawful authority directed and compelled him to close his place of business, threatening him with prosecution and driving his customers away, to his serious damage and to the destruction of his property and property rights. In refusing appellant the relief sought, the following order was made:

"Court in session this 18th day of October, 1915, and came on to be considered plaintiff's petition for injunction herein, and the court having considered the same, and it appearing that an election heretofore held in said county, the result of which has been duly considered and declared by the commissioners' court and county judge of said county, the operation of pool rooms was prohibited in said county, said application is refused, and plaintiff excepts and gives notice of appeal to the Court of Civil Appeals, Fifth Supreme Judicial District of Texas."

The propositions contended for by appellant are, substantially: (1) That the act of the Thirty-Third Legislature, articles 6319a to 6319n, inclusive, Vernon's Sayles' Civil Statutes, which authorizes the qualified voters of any county or political subdivision thereof in this state to determine, by an election to be held for that purpose, whether or not pool rooms or pool halls shall be prohibited in such county or subdivision, and providing a

penalty for violation of the provisions of said act if the result of the election be in favor of their prohibition, is unconstitutional and void, because "it is a delegation by the Legislature of its own legislative power imposed upon it by the Constitution, which it alone must exercise, and which it may not commit to any other agency." (2) Because it authorizes the suspension of a general law of the state by the voters of a county or subdivision of a county, namely, the statute licensing the operation of pool halls generally within the state, in violation of article 1, § 28, of the Constitution, which is: "No power of suspending laws in this state shall be exercised, except by the Legislature." (3) That the allegations in appellant's petition show that, unless the writ of injunction prayed for is granted, the acts charged to have been done by appellees and threatened to be done by them will result in an invasion of his property rights and in repeated criminal prosecutions to his irreparable injury, and therefore it is within the jurisdiction and authority of the district court, under the Constitution and laws of this state, to issue said writ.

This court was called upon, in the case of Roper & Gilley v. Lumpkins, 163 S. W. 110, to pass on and determine the constitutionality of the act here in question, and we there held that said act was not in any particular. unconstitutional. In support of such conclusion, speaking through Mr. Justice Rasbury, we said:

"The act passed the Senate and House by the required majorities, and was approved by the Governor. It does not by its terms confer upon the electorate any legislative power. It provides that the commissioners' court may, in the exercise of its judgment, and shall, upon demand of a given number of voters, order an election for the purpose of prohibiting the operation of pool rooms. It does not provide that the people shall say by their votes whether or not they desire the Legislature to pass an act conferring upon them the right contained in the act. The Legislature has presented such an act, complete and finished in every detail. The act does not permit the electorate to say by their votes whether they approve or disapprove the right conferred. They had and were given no voice in that matter except by virtue of any representation they had in the Legislature. The right to prohibit the operation of pool rooms is clearly conferred by the act itself, and the only step necessary to be taken by the people in order to secure the benefits of the act in the political subdivisions named is for the officials charged therein with such duty to order an election. Hence it can be safely said that the act in no respect attempts to confer upon the electorate the lawmaking power of the Legislature. Every detail of the act is complete, and the people may in no respect add to or take from its provisions, but are merely given the right to vote upon whether the law, as passed, shall be put in operation in the subdivisions named. The act, in our opinion, is dissimilar to the law construed in State v. Swisher, 17 Tex. 441, where the law was held to be unconstitutional, on the ground that it left to the voters the determination of whether or not licenses should be issued to liquor dealers. Justice Lipscomb, in writing the opinion, said the principal objection to the act was that it was referred to the voters for ratification before it became a law. The law under discussion is not subject to that objection, since the right to prohibit the business is complete by the act itself, and there is only left to the determination of the people whether they will exercise the power conferred. The vesting of such discretion in the people is held not to be a delegation of the lawmaking power, for the reason that the discretion imposed involves the exercise of the power as distinguished from its creation. Johnson v. Martin, 75 Tex. 33, 12 S. W. 321.

"But it is urged, in effect, that the act is null and void, for the reason that it is repugnant to the Constitution, since that instrument does not, in express terms, permit the Legislature to confer upon the electorate the right, power, or discretion contained in the act. For the reason stated, we are of opinion that the act under discussion is a complete affirmative law, and only lodges with the voters a discretion relating to the exercise of its powers; at the same time it may not be said that the Legislature is without authority to grant to the several political subdivisions of the state only such powers as are expressly granted by the Constitution, since it has been said by our Supreme Court that: 'Except in the particulars wherein it is restrained by the Constitution of the United States, the legislative department may exercise all legislative power which is not forbidden, expressly or by implication, by the provisions of the Constitution of the State.' Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488."

We have thus quoted at length from the opinion delivered by this court in Roper & Gilley v. Lumpkins, supra, for the reason that the language there used very fully and accurately expresses the views which we then entertained and now entertain upon the subject. We may add, however, that in San Antonio v. Jones, 28 Tex. 32, Chief Justice Moore said:

"The Legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute, whose complete execution and application to the subject-matter is, by its provisions, made to depend on the assent of some other body, a delegation of legislative power."

The views expressed by the Court of Criminal Appeals of this state, Mr. Justice Davidson dissenting, in the cases of Ex parte Francis, 72 Tex. Cr. R. 304, 165 S. W. 147, and Ex parte Mode, 180 S. W. 708, are practically in accord with the views of this court, as stated in Roper & Gilley's Case, that the act under consideration is constitutional, and that court cited in support of such views well-considered cases not only of this state, but from many other states. Our Supreme Court, however, granted a writ of error in the case of Roper & Gilley v. Lumpkins, supra, and after the decision of the Court of Criminal Appeals in Ex parte Francis, and before the opinion in Ex parte Mode was handed down, decided in Ex parte Mitchell, 177 S. W. 953, Mr. Justice Hawkins dissenting, that said act of the Legislature was for the reasons now urged by appellant in this case unconstitutional, "that the Legislature cannot delegate its authority to make laws by submitting the question of their enactment to the popular vote," and that no power to suspend laws shall be exercised except by the Legislature, are propositions clearly established by the law and decisions

of this state, but it is the opinion of this court that the Legislature has not, by the passage of the act known as the "pool hall" statute, thereby delegated its power to enact a law or suspend a law of this state. Since the change in personnel of the Court of Criminal Appeals, Judge Harper retiring, that court, in the case of State v. Lyle, 193 S. W. 680, Judge Prendergast dissenting, overruled the cases of Ex parte Francis and Ex parte Mode, supra, and held as did the Supreme Court in Ex parte Mitchell, that the act was unconstitutional, and those courts are now in harmony upon the question.

[1] Notwithstanding our great respect for the ability of the members of those courts, we still regard the act in question, as heretofore said, to be one "complete and finished in every detail" and constitutional; that it is only necessary for the people to pursue the course pointed out by its provisions in order to put the law in operation and avail themselves of its benefits. The decision, however, of the Supreme Court in Ex parte Mitchell, is binding upon this court and must be followed.

That the appellant is entitled, under the allegations of his petition, to restrain its enforcement by the writ of injunction, is affirmed by the decision of this court in Roper & Gilley v. Lumpkins, supra, and cases therein cited. To these cases may be added City of Austin v. Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; and Brown Cracker & Candy Co. v. City of Dallas. In the case of Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504, the question was not discussed, but involved, and the decision of the Supreme Court necessarily includes the holding that, under the petitioners' allegations to the effect that the enforcement of the penal ordinance there under consideration would greatly depreciate the value of their real property and result in damage to their business, they were entitled to restrain its enforcement by injunction. In the case of City of Austin v. Cemetery Ass'n, supra, the Supreme Court's holding is fairly stated in the following language found in the syllabus:

"Where the record shows the right and privilege of using its property by a cemetery company for cemetery purposes was destroyed or impaired by virtue of the existence of a city ordinance, an injunction will lie, although the ordinance is void and the city was not proceeding to enforce it, and that a legal remedy existed against its enforcement."

In discussing the case, Chief Justice Gaines, speaking for the court, said:

"It is not to be controverted that as a general rule the aid of a court of equity cannot be invoked to enjoin criminal prosecutions. This rule is, however, subordinate to the general principle that equity will grant relief when there is not a plain, adequate, and complete remedy at law, and when it is necessary to prevent an irreparable injury."

[2] The case at bar is not, we think, merely one in which the prosecuting officers of Grayson county are threatening to file prosecutions against the appellant for the violation of a statute, or one showing simply that appellant is licensed, having paid the required tax, to pursue an occupation, which is the proper subject of police regulation. It is one, as pointed out by counsel for appellant, in which the chief prosecuting officer of Grayson county and the chief peace officer of said county, under color of an unconstitutional and void law, have committed a trespass against the property and business rights of a citizen, and who were, at the time the injunction was applied for and granted herein, threatening him with repeated trespasses of like character and with prosecutions for each day he attempted to pursue his business and make a legal use of his property. That the action of prosecuting officers in filing or threatening to file prosecutions for the violation of an ordinance or statute will not ordinarily be enjoined is well settled. If, however, the prosecution or threatened prosecution is under a void law and will result in the destruction of property rights, the interposition of a court of equity may be invoked to protect such rights. So, too, one who has paid the required tax and received a license authorizing him to pursue a certain occupation does not acquire such a vested right in the occupation or business as that he may not be deprived thereof by a valid law prohibiting the business or occupation. But until prohibited by a valid law he may, as we understand the law, "pursue any legal business in a legal way." The allegations of the petition for injunctive relief in the present case are sufficient to bring it within the exceptions to the general rule that such relief will not ordinarily be granted to prevent criminal prosecutions. As stated by counsel for appellant, the facts alleged show an unwarranted trespass, the probable destruction of private property, the driving of customers from appellant's place of business, the closing of his doors, the stopping of a legal occupation from which revenue was derived, and not only the threat of numerous prosecutions, but the fact that numerous prosecutions would be instituted. The case, as presented, is one, we believe, which entitles appellant to relief by injunction. In addition to the cases already cited, the following may be consulted: Dibrell v. City of Coleman et al., 172 S. W. 550; City of Hutchinson et al. v. Beckham et al., 118 Fed. 399, 55 C. C. A. 333; Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169; Central Trust Co. of New York v. Citizens' R. Co. et al. (C. C.) 80 Fed. 218; Id., 82 Fed. 1.

The judgment of the district court is reversed, and the injunction as prayed for is granted.