EX PARTE JOE DREIBELBIS.

No. 19183.   Delivered October 13, 1937.

The opinion states the case.

*E. T. Adams,* of Glen Rose, and *Walker & Baker,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The relator was tried and convicted in the Corporation Court of the City of Glen Rose, for the violation of an ordinance enacted by the City Commissioners of said city, and his punishment was assessed at a fine of $1 and costs, from which judgment he appealed to the County Court of Somervell County, where he was again convicted and the same punishment meted out to him. Thereupon, he applied to the Honorable O. B. McPherson, Judge of the 18th Judicial District of Texas, for a writ of habeas corpus, under which he sought his discharge on the ground that the ordinance was in contravention with the Constitution and laws of this State and therefore void and of no force and effect. Upon a hearing of the writ, he was denied the relief prayed for, and remanded to the custody of the City Marshall until such time as he should have satisfied said fine and costs.

We do not deem it necessary to set out the ordinance in question in its entirety, but merely the caption thereof, and such sections as we deem necessary for a proper understanding of the grounds upon which we shall dispose of this case. The caption reads as follows:

"An ordinance providing for license tax on a temporary merchant or business man; the definition of a temporary merchant or business man; the proceedings essential and required of same to enter into business in the City of Glen Rose, Texas; the obtaining license permit and providing for a penalty for the violation of said ordinance."

Section 1 defines a temporary merchant as follows:

A temporary merchant is defined by said ordinance as any person, firm or corporation, a resident or otherwise, who shall engage in the business of selling or offering for sale or distribution, or for rent or hire, for profit any merchandise or equipment in the City of Glen Rose, from a definite location, truck, bus or otherwise, and who has not been engaged in and conducting a similar business for at least twelve months prior to the effective date of this ordinance.

Section 2 provides the method and the requirements for obtaining a license for any person who seeks to engage in a business in said city, and specifies the amount of $10 to be paid as a license fee, and an additional sum of $240, as a guarantee of good faith that the applicant for a license will continue in busi-

ness for a period of one year which, however, is to be refunded at the expiration of twelve months, provided he continues in business for said length of time. All other businesses classified are required to pay $100 in addition to the $10 fee, as a guarantee that they will continue in business for the specified length of time.

Section 4 provides a penalty for violation of the city ordinance.

Appellant questions the validity of the ordinance on various grounds. We do not deem it necessary to discuss each and all of them, but only the first and seventh grounds of attack. His first contention is that the tax therein provided for, although denominated a license fee, is nothing but an occupation tax. A second contention is that the ordinance is discriminatory in that the tax therein provided is not equal and uniform, because it does not apply to persons, firms, and corporations who have been engaged in business in said city for a period of twelve months or more.

The fact that the tax is denominated a license fee, does not make it such when in fact it appears from the face of the ordinance that the sum levied and denominated a license fee is not levied for the purpose of regulating the enumerated businesses, but to raise revenue. It appears to us that said ordinance is violative of Section 1 of Article 8 of our Constitution. The State had not levied an occupation tax on persons engaged in business of the character designated in said ordinance. A city, under its police power, does not have the legal right to levy an occupation tax, unless the State has levied such a tax. In support of what we have said, we refer to Ex parte Terrell, 48 S. W., 540; A. B. C. Storage and Moving Co., et al., vs. City of Houston, 269 S. W., 882.

That the ordinance in question is discriminatory is clearly demonstrated by the fact that a person who has been engaged in one of the designated businesses in said city for a year or more is exempt from the payment of the tax, while another person who has not been so engaged for such length of time is subject to the payment of the tax, and for his failure to do so, punishable by fine, although both parties may be engaged in the same kind of business, carrying the same kind and the same amount of merchandise. If this is not discrimination, then what is it?

An ordinance which attempts to distinguish between persons engaged in the same or like businesses, merely on the basis of the length of time each is engaged in the business, is in contra-

'vention of Sections 3 and 19 of Article 1 of the Constitution. This question was discussed fully by us in the case of Ex parte Baker, 78 S. W. (2d) 610. Hence, a further discussion thereof is deemed unnecessary.

For the reason hereinabove stated, the judgment is reversed and the relator is discharged.

*Reversed and relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.