EX PARTE ROBERTA STEVENSON.

No. 22463. Delivered March 3, 1943.

The opinion states the case.

*Tom S. Williams,* of Sulphur Springs, and *Hayden C. Covington,* of Brooklyn, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator, a Jehovah's Witness, was charged by complaint in the Corporation Court of Texas City, Texas, with peddling in such city without having first paid an occupation tax of $2.50 as a foot peddler, before she operated as such in said city.

By virtue of ordinance No. 434 of said city a foot peddler was due to pay an occupation tax for engaging in such business. A failure of every peddler, who exercised such calling in Texas City, to pay such tax was punished by a fine of not exceeding ten dollars. Upon a trial, however, before the city recorder relator was fined the sum of $50.00. From a judgment assessing such fine, she appealed to the county court, and, after a trial in such court, she was fined $10.00. Thereafter she sued out a writ of habeas corpus before the judge of the Tenth District Court of Texas at Galveston, and upon a hearing she was remanded to the custody of the officers, with her bail fixed at $250.00 pending this appeal.

The record is voluminous, and contains much that could with propriety have been eliminated. Of the contentions presented to us, however, only one need be considered. The Revised Civil Statutes of 1925, Art. 7047, subdiv. 4, provided for an occupation tax to be levied upon "every foot peddler, five dollars in each county in which he peddles * * *." Thus, at such time, enabling the State to collect such an occupation tax from every individual engaging in such business.

Article 8, Section 1, of the State Constitution, relative to taxation and revenue, after giving to the Legislature the power to thus levy an occupation tax, as well as other taxes, also says: " * * *. and provided further that the occupation tax levied by any county, city or town for any year on persons or corporations pursuing any profession or business, shall not exceed one half of the tax levied by the State for the same period on such profession or business."

Under such power granted under the Constitution, doubtless the City of Texas City passed its ordinance No. 434 taxing foot peddlers an occupation tax of $2.50.

It is noted that at the Second Called Session of the 42nd Legislature, as found in such Acts, page 61, that the State statute, subdiv. 4 of Article 7047, Revised Civil Statutes 1925, being the occupation tax on peddlers, was repealed, and that such repeal went into effect 90 days after the adjournment of such legislature in the year 1931. Therefore, we say there is not now any statute authorizing the collection of an occupation tax from a foot peddler.

We also say that if the State Legislature has not seen fit to tax an occupation as such, then no city, town or municipality has such power, such municipality only deriving its power to levy up to one half of that levied by the State body upon such occupation as the State has seen fit to levy a tax.

Judge Stayton, writing for the Supreme Court of Texas in Hoefling, et al v. City of San Antonio, 20 S. W. 85, said:

"It was not intended to confer on a municipal corporation the power to tax an occupation not taxed by the state. If the state levies no tax on the occupation, a municipal corporation cannot levy or collect a tax, unless the proposition that the half of nothing is something can be maintained. The constitution wisely leaves it to the legislature to determine what, if any, occupations shall be taxed, and this power is not so likely to be misused by the representatives of the people of the entire state as by the council of a single municipality."

Nor has our own court been recreant in such a declaration. In Ex parte Dreibelbis, 133 Tex. Cr. R. 83, 109 S. W. (2d) 476, Judge Krueger said:

"It appears to us that said ordinance (of Glen Rose) is violative of Section 1 of Article 8 of our Constitution. The State had not levied an occupation tax on persons engaged in business of the character designated in said ordinance. A city, under its police power, does not have the legal right to levy an occupation tax, unless the State has levied such a tax. In support of what we have said, we refer to Ex parte Terrell, 48 S. W. 504; A. B. C. Storage and Moving Co., et al, v. City of Houston, 269 S. W. 882."

In view of the repeal of this State statute, Texas City now has no power to collect a peddler's occupation tax, therefore the ordinance under which relator was held is now void.

It is therefore our conclusion that this judgment should be reversed and relator ordered discharged.