

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 10, 1947.

Hon. C. E. Belk, Administrator
Board of Plumbing Examiners
Austin, Texas

Opinion No. V-428.

Re: Whether the license
fee fixed by the Plumb-
ing License Law of 1947,
S.B. 188, Acts 50th Leg-
islature, is a license
fee or an occupation
tax, and related ques-
tions.

Dear Sir:

Your request for an opinion reads as follows:

"This Board has received several communica-
tions from plumbers complaining that some of the
smaller cities require the payment of a prohibi-
tive occupation tax or license fee of plumbers.
Therefore, we submit the following questions for
answer:

"1. Question: In view of the provision of
the constitution prohibiting a city from
charging an occupation tax of more than
one-half of the State occupation tax, ap-
plicable to a particular occupation,
please advise us whether the license fee
as fixed in the Plumbing License Law of
1947 would constitute an occupation tax
under the provision of the constitution?

"2. Question: If such fees would constitute
an occupation tax under the provision of
the constitution, what would be the max-
imum amount that could be charged by cit-
ies of the State for occupation tax or li-
cense fee of plumbers?

"3. Question: In view of subdivision B, Sec-
tion 3, of the Plumbing License Law, can

cities under 5,000 inhabitants charge an
occupation tax or license fee of plumb-
ers in excess of one-half of the State Li-
cense fee?"

In your first question you ask whether the li-
cense fee provided by the Plumbing License Law of 1947,
S. B. 188 is an occupation tax, coming within Section 1,
Article VIII, of the Texas Constitution.

In the case of City of Fort Worth v. Gulf Re-
fining Company, 125 Tex. 512, 83 S. W. (2d) 610, the Su-
preme Court distinguishes between an occupation tax and
a license fee as follows:

"An occupation tax is levied primarily
for the purpose of raising revenue, and unless
the measure before us is primarily a revenue
measure, it is not an occupation tax, . .   A
license law is one which confers upon those
who comply therewith a right denied all others,
and it is immaterial whether or not it provides
a fee therefor . . .  An official license may
be said to be a permission granted by public au-
thority to carry on a business or trade or per-
form other acts which are forbidden by law ex-
cept to persons obtaining such permission . . ."

An occupation tax is thus distinguishable from
a license fee or tax imposed under the police power, in
that an occupation tax is primarily intended to raise reve-
nue, while a license fee or tax is primarily intended as
a means of, or aid to, regulation.

Applying this yardstick to the Plumbing License
Law of 1947, we feel that there is little doubt that the
primary purpose of the Act is the regulation of the plumb-
ing trade.  This is clear from the principal provisions of
the Act which provide for the issuance and renewal of li-
censes to varying types of plumbers and plumbing inspectors
and for qualifying examinations to determine the fitness of
applicants.  Also the exclusion of the purpose of raising
revenue as the sole or as even a primary purpose of the Act
is left beyond question by the provision of the Act that
the license fees provided for therein shall be reduced if
the funds remaining in the hands of the Board at the end
of any calendar year are in excess of the expenses of the
Board (See Section 7).  We, therefore, advise you as to
your first question that the license fees provided for in

the Plumbing License Law of 1947 are not occupation taxes, but are license fees.

Your second and third questions ask whether municipalities may charge an occupation tax or license fee of plumbers, and if so, in what amount.

We quote Section 1, Article VIII, of the Texas Constitution, on the question of whether a municipality may levy an occupation tax on plumbers:

> ". . . It (The Legislature) may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State . . . except that persons engaged in mechanical and agricultural pursuits shall never be required to pay an occupation tax; . . . and provided further that the occupation tax levied by any county, city or town for any year on persons or corporations pursuing any profession or business, shall not exceed one half of the tax levied by the State for the same period on such profession or business." (Parenthetical addition ours).

In the light of the foregoing constitutional provision, a municipality may not levy an occupation tax on plumbers for two reasons:

First, because plumbing is a mechanical pursuit and as such is not subject to an occupation tax. Western Company v. Sheppard, 181 S. W. (2d) 850, error refused.

Second, because a municipality may not tax an occupation which is not taxed by the Legislature for the benefit of the State. Hoefling v. City of San Antonio, 20 S. W. 85; Ex Parte Stevenson, 169 S. W. (2d) 175; 27 Tex. Jur. 901, Section 54.

This answers your second and third questions with respect to the levying of an occupation tax.

As to whether municipalities may charge a license fee of plumbers, we interpret the statute as establishing the Texas State Board of Plumbing Examiners as the sole licensing agency for plumbers, from and after the effective date of the statute, to the exclusion of all municipalities.

This interpretation follows from the provisions of the Plumbing License Law of 1947 repealing the previous statutory authority for municipal licensing of plumbers (Arts. 1078, 1079, 1080, and 1081, R. C. S.), from the provisions throughout the Act establishing a uniform State licensing system to be initiated and administered by the Texas State Board of Plumbing Examiners, and from the provisions of the Act to the effect that no city or town shall prescribe any ordinance, by-law, rule or regulation inconsistent with the Act.

In this holding, we follow Opinion No. V-333 of this department, a copy of which opinion we enclose herewith.

## SUMMARY

The license fee provided for in the Plumbing License Law of 1947, S. B. 188, is not an occupation tax. City of Fort Worth v. Gulf Refining Co., 83 S. W. (2d) 610.

Municipalities may not levy an occupation tax on the plumbing trade. Sec. 1, Art. VIII, Texas Constitution; Hoefling v. City of San Antonio, 20 S. W. 85; Ex Parte Stevenson, 169 S. W. (2d) 175; Western Co. v. Sheppard, 181 S. W. (2d) 850.

The Texas State Board of Plumbing Examiners is the exclusive licensing agency for plumbers, and municipalities are precluded from issuing licenses to plumbers after the effective date of the Plumbing License Law.

Yours very truly

APPROVED:                    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT          By          Dean J. Capp
ATTORNEY GENERAL                      Assistant

DJC:jmc