## PIERCE et ux. v. CITY OF STEPHEN-VILLE.

### No. 2622.

Court of Civil Appeals of Texas. Eastland.

Nov. 21, 1947.

Ennis Favors, of Stephenville, for appellants.

Joseph Chandler, of Stephenville, for appellee.

GRISSOM, Chief Justice.

Robert Pierce and wife sued the City of Stephenville. They sought a declaratory judgment, under the provisions of Art. 2524—1, Vernon's Ann.Civ.St., that they were not itinerant or transient photographers, and, therefore, that the city ordinances levying an occupation tax and license fee were not applicable to them, or, in the alternative, if the court found they were transient or itinerant photographers and, therefore, subject to said taxing and licensing ordinances, that the ordinances were unconstitutional and void. Pending a trial on the merits, plaintiffs sought a temporary injunction restraining the city from enforcing said ordinances against them. Upon a trial to the court, the injunction was denied and plaintiffs have appealed.

Appellants' first point is that the judgment refusing to grant a temporary injunction should be reversed because the uncontradicted evidence showed that the ordinances did not apply to appellants. The first ordinance levied an occupation tax of $250 on every itinerant or transient salesman of coupons redeemable for a photograph. The second required a license fee of all itinerant or transient photographers and salesmen of coupons redeemable for a photograph. The contention that the ordinances did not apply to appellants because the evidence showed conclusively that they were not transient or itinerant photographers is overruled. Their testimony was sufficient to have sustained such a finding, but was not conclusive thereof. There is evidence tending to show that Mr. Pierce had been an itinerant photographer; that immediately prior to the time they claim to have become bona fide residents of Stephenville that Mr. Pierce was an itinerant photographer, working for Morlan Studio, Forth Worth, Texas. That he travelled about the country taking pictures; that he came to Stephenville and told the city attorney that he only planned to take pictures at a college in Stephenville and, therefore, thought the ordinance should not be applied to him. That, although they had leased rooms for a studio at a hotel in Stephenville for a year, they paid therefor by the month; that they owned only their photographic equipment; that, although Mr. Pierce testified that his equipment was not that of an itinerant, nevertheless, it was such that could be easily moved; that he had not yet rented an apartment or home in which to live; that they were renting a room by the week at the hotel in which they had their studio; that prior to the trial, he had employees selling coupons in and about Stephenville that were the same as the coupons that he

had used when working as an admittedly itinerant photographer for Morlan Studio, Fort Worth, immediately before coming to Stephenville; that he had since coming to Stephenville taken pictures out of that city; that the coupons issued by appellants designated the studio issuing them as "Morlan Studios, General Office 506 Moore Building, Phone 2-2903, Fort Worth, Texas." That he instituted this suit within about 10 days after he came to Stephenville to take pictures. That his pictures were developed by "Morlan Studios" at Fort Worth; that he purchased his photographic equipment from Morlan Studios, partly on credit, and that said studio was assisting him financially in the prosecution of this suit. These and other circumstances of like import made it a question of fact for the determination of the trial court as to whether or not Pierce had actually ceased to be a transient or itinerant photographer. Testimony of intention is important in determining residence. McWhorter v. Reynolds, Tex.Civ.App., 156 S.W.2d 312. However, intention alone is insufficient to establish a permanent residence. Major v. Loy, Tex. Civ.App., 155 S.W.2d 617, 623. Furthermore, appellants could have been such residents and still have been itinerant or transient photographers. The ordinance licensing "itinerant or transient photographers", as applied to appellants, has reference to the character of business done by them and not necessarily to their place of residence. City of Ottumwa v. Zekind, 95 Iowa 622, 64 N.W. 646, 29 L.R.A. 734, 58 Am.St.Rep. 447. The uncontradicted, uncorroborated testimony of a party to a suit merely raises a question of fact and does not establish conclusively the fact testified to. St. Louis, B. & M. R. Co. v. Simmonds, Tex.Com. App., 91 S.W.2d 332, 334.

■ It may be questioned whether the ordinance levying an occupation tax could, in any event, be applied to appellants for the reason that it only purports to levy such a tax on salesmen of coupons redeemable for photographs. The evidence shows that they formerly had in their employ such salesmen. It does not show that either Pierce or his wife was such a salesman. But, assuming that the ordinance levying an occupation tax is applicable to appellants, it is unconstitutional because the Constitution of Texas, Art. 8, Sec. 1, Vernon's Ann.St., provides that no city shall levy an occupation tax for more than one-half of the amount of the occupation tax levied by the State on such occupation. It prohibits the levy of a tax by a city on an occupation not taxed by the state. Hoefling v. City of San Antonio, 85 Tex. 228, 235, 20 S.W. 85, 16 L.R.A. 608; 27 Tex.Jur. 901, 902; 40 Tex.Jur. 32; Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743, 750; Ex parte Mihlfread, 128 Tex.Cr.R. 556, 83 S.W.2d 347, 348; 116 A.L.R. 1379; 134 A. L.R. 1382; A. B. C. Storage & Moving Co v. City of Houston, Tex.Civ.App., 269 S.W. 882; Ex parte Patterson, Tex.Cr. App., 116 S.W.2d 745. Art. 5049, Subd. 6, R.S. 1895, levied an occupation tax on "every operator or owner of any daguerrean, photograph, or other like gallery, by whatever name called." See Mullinnix v. State, 42 Tex.Cr.R. 526, 60 S.W. 768. Art. 7047, the present statute relative to levying occupation taxes, does not contain such a provision. Art. 7048 provides that a city shall not levy an occupation tax for a greater amount than one-half of such a tax levied by the State. In other words, the State has not levied an occupation tax on itinerant or transient photographers or sellers of coupons redeemable for a photograph and a city is without authority to do so. Ex parte Dreibelbis, 133 Tex.Cr. R. 83, 109 S.W.2d 476; Ex parte Stevenson, 145 Tex.Cr.R. 450, 169 S.W.2d 175.

■ The city ordinances in question are separate and distinct. They provide that if the occupation tax is held unconstitutional, that, nevertheless, it was the intention of the city to require payment of the license fee. The unconstitutionality of the occupation tax ordinance does not affect the license fee ordinance. Davis v. White, Tex.Civ.App., 260 S.W. 138, 141, Writ Ref.

■ Section 1 of the licensing ordinance provides that no person shall pursue certain occupations in the city without obtaining a license. Among the occupations named are itinerant or transient photographers and salesmen of coupons redeemable for a photograph. Section XXII provides that such ordinance shall not apply

to residents of Stephenville "unless they pursue such occupations within the limits of said city." The ordinance does not apply to any one unless they pursue such occupation within the city. Appellants contend that this ordinance discriminates in favor of local photographers and studios and against nonresidents. Said ordinance plainly requires a license fee of transient photographers doing business in Stephenville regardless of whether they are local photographers or otherwise. Two things alone, according to the ordinance, determine whether or not photographers are subject to payment of the license fee. They are (1) that they are itinerant or transient, and (2) that they do business in the city. This is not discrimination in favor of local photographers. A transient or itinerant photographer doing business in Stephenville is required to pay the license fee regardless of whether he lives in Stephenville or not.

"An ordinance for the licensing of 'transient-merchants' relates to the character of the. business and not to the residence of the individual, and applies to all who come within its terms, whether residents or non residents, and is unobjectional, even if it happens that there are no transient merchants who are residents of the municipality." 19 R.C.L. 956. See also 9 Tex. Jur. 556; 40 Am.Jur. 923; 17 R.C.L. 514; 37 Am.Jur. 775; 33 Am.Jur. 360; 61 A.L.R. 342, 350; 112 A.L.R. 65, 69; 40 L.R.A., N.S., 286; 112 A.L.R. 63, 68.

Appellants contend that the license fee is prohibitive. The ordinance sets up a licensing board and provides for an investigation, a hearing and an appeal. It requires that an applicant for a license shall pay an investigation fee of $30; that he shall deposit $500 with the City Treasurer for the protection of those with whom he deals, to be held during the term of his license and for 90 days thereafter, or, if unable to deposit the $500 in cash, that he shall make a bond for such amount with terms as indicated, and that he shall pay an additional fee of $35 when the license is issued. The ordinance purports to exact fees only for the purpose of caring for the expense incident to issuing licenses. They are not conclusively shown to be prohibitive. Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743, 750; Neiman-Marcus Co. v. City of Houston, Tex. Civ.App., 109 S.W.2d 543; Mims v. City of Fort Worth, Tex.Civ.App., 61 S.W.2d 539, 543; Ex parte Wade, 66 Tex.Cr.R. 181, 146 S.W. 179; 38 Am.Jur. 36; 40 Am. Jur. 922.

It remains to be determined whether or not appellants were entitled to an injunction to prevent the enforcement against them of the void ordinance levying an occupation tax. The pertinent testimony was in effect that appellants have everything they own invested in the photography business in Stephenville. That they had incurred debts in the purchase of equipment and the prosecution of this suit; that they do not have the money to pay the tax; that they will be prosecuted unless they pay; that each day's operation is a separate offense and that their business had been damaged by threats of prosecution. It showed that appellants will suffer a special property damage by reason of its enforcement.

Courts of equity are not concerned with the enforcement of criminal laws and will not ordinarily enjoin enforcement of a penal ordinance even though it is void. But, when the ordinance is void and its enforcement constitutes an invasion of complainants' vested property right its enforcement will be enjoined. Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 93, 170 S.W.2d 217; Ex parte Sterling, 122 Tex. 108, 53 S.W. 2d 294, 295; City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528, 529, 47 Am.St.Rep. 114; Bielecki v. City of Port Arthur, Tex.Com.App., 12 S.W. 2d 976, 978; Fearis v. Gafford, Tex.Civ. App., 204 S.W. 675, 677; Featherstone v. Independent Service Station Ass'n, Tex. Civ.App., 10 S.W.2d 124, 128; Wichita Falls Traction Co. v. Raley, Tex.Civ.App., 17 S.W.2d 157, 160; Kennedy v. American Nat. Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 111 A.L.R. 916; 32 C.J. 277, 43 C.J.S. Injunctions, § 158; 24 Tex.Jur. 66. The undisputed evidence brings Pierce within the exception stated. See City of Beaumont v. Sam's Loan Office, Tex.Civ.App., 4 S.W.2d 586. Appellants were entitled to

a temporary injunction preventing enforcement of the occupation tax ordinance against them. Murphy v. Wright, Tex.Civ. App., 115 S.W.2d 448, 451; 43 C.J.S. Injunctions, Sec. 158.

It has been held that the validity of municipal ordinances may be tested by declaratory judgment and injunction proceedings. Under the circumstances disclosed, it was not required that a permit be obtained before validity of the ordinances was questioned. 37 Am.Jur. 798; 28 Am.Jur. 371.

We conclude that the court erred in refusing to enjoin enforcement of the occupation tax ordinance but that in all other respects its judgment is correct. What we have said has been directed solely to the injunction proceeding and is not intended as an expression of an opinion with reference to matters to be determined upon a trial on the merits. To illustrate only, it is possible that at the time the petition for a temporary injunction was heard that appellants were transient or itinerant photographers but that by the time the case is tried on its merits, the character of their business shall have been unquestionably changed. The judgment is affirmed in part and in part reversed and remanded. Half of the costs in this and the trial court are taxed against appellants and half against appellee. Texas Rules of Civil Procedure, rules 435, 448. Baker Hotel of Dallas v. Rogers, 157 S.W.2d 940, Writ ref., 138 Tex. 398, 160 S.W.2d 522.