

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 21, 1960

Honorable Henry Wade
District Attorney
Records Building
Dallas, Texas

Dear Mr. Wade:

Opinion No. WW-887

Re: Authority of counties to
impose an occupation tax
upon insurance adjusters,
and related questions.

Your recent request for an opinion of this office
sets forth three questions pertaining to Article 1.09,
Title 122A, Taxation-General, R.C.S. (H.B. 11, 3rd C.S.,
56th Leg., hereafter referred to as H.B. 11). For clarity
we will consider the questions in order.

"1. Does Art. 1.09 forbid the imposition
by counties of an occupation tax upon insurance
adjusters?"

It is our opinion that Art. 1.09 does forbid the
imposition by counties of an occupation tax upon insurance
adjusters. The Article reads as follows:

"No city, county or other political sub-
division may levy an occupation tax levied by
this Act unless specifically permitted to do so
by the Legislature of the State of Texas."

Clearly the intent of the Legislature was to
prevent cities, counties and other political subdivisions
from taxing any of the occupations upon which a State tax
is levied by H.B. 11, unless specific authority to do so is
granted. There is an occupation tax levied upon insurance
adjusters by Art. 19.01 of H.B. 11. No authority to make a
similar levy is granted to counties; therefore, they are
prohibited from doing so.

"2. What county occupation taxes are
permitted under Art. 1.09?"

As well pointed out in the brief accompanying your
request, the enactment of Art. 1.09 did not resolve all
confusion which existed in this area. Therefore, we shall
not, in this opinion, attempt to exhaustively analyze the

entire field and history of state and local occupation taxes; however, we will be glad to attempt to advise you concerning any specific occupation tax about which you may wish to inquire. In connection therewith, we do point out the following:

I. Art. VIII Sec. 1, Constitution of Texas, provides as follows:

> ". . .provided further that the occupation
> tax levied by any county, city or town for
> any year on persons or corporations pursuing
> any profession or business, shall not exceed
> one half of the tax levied by the State for
> the same period on such profession or business."

Consequently, a political subdivision may not tax an occupation which is not the subject of a State levy. Pierce v. City of Stephenville, 206 S.W.2d 848 (1947, no writ history) and authorities therein cited.

II. Article 7048, R.C.S.,[1] permits counties to levy up to one-half the State tax on an occupation not specifically exempted. This rule would be irreconcilable with Art. 1.09, M.B. 11, which prohibits a county from taxing an occupation taxed in M.B. 11 unless specific permission is given. In one, the absence of prohibition implies consent; in the other, the lack of permission implies prohibition. M.B. 11 did not directly repeal Art. 7048. It did contain a blanket repealer covering "all laws or parts of laws in conflict herewith" (Sec. 7 (b) ). Therefore, if a conflict did arise between the provisions, Art. 1.09 of M.B. 11 would govern.

III. Clearly, as you point out, counties may levy an occupation tax on coin-operated machines (Art. 13.14, M.B. 11) and pistol dealers (Art. 19.01 (7), M.B.11),

---

[1]     "Each commissioners court. . .shall have the
        right to levy one-half of the occupation tax
        levied by the State upon all occupations not
        herein otherwise specifically exempted;. . ."

See State v. Galveston, M. & S.A. Ry. Co., 100 Tex. 153, 97 S.W. 71 (1906), rev'd on other grounds, 28 S.Ct. 638, 210 U.S. 217 (1908).

because specific permission to do so is granted by those Articles.

"3. Is Art. 1.09 constitutional, insofar as it limits local occupation taxes, since such limitation was not among the functions set out in the title to the act, which is now new Title 122-A?"

It is our opinion that Art. 1.09 does not violate Art. III, Sec. 35, Constitution of Texas.[2] The caption of H.B. 11 (Title 122A) is of considerable length; perhaps necessarily so, in view of the purpose and content of the Act. Of consequence here is the portion reading "An Act revising and rearranging certain Statutes of Title 122 'Taxation'. . .; revising Statutes levying. . .miscellaneous occupation taxes, . . ." Notice is thereby given that Statutes contained in Title 122 will be revised; more particularly, that statutes levying miscellaneous occupation taxes will be revised.

It is well settled that this section of the Constitution should be liberally construed. Consolidated Underwriters v. Kirby Lumber Co., 267 S.W. 703 (Tex.Com. App. 1924); Shannon v. Rogers, ___ Tex. ___, 314 S.W.2d 810 (1958). It is only necessary that reasonable notice of the subject-matter of an act be stated in the caption. Stone v. Brown, 54 Tex. 330 (1881); Continental Bus System v. Carney, 310 S.W.2d 676 (Tex.Civ.App. 1958, error ref.). The caption of H.B. 11, when tested by these rules, is sufficient to embrace the matter treated in Art. 1.09 thereof.

## SUMMARY

Art. 1.09, Title 122 A, R.C.S. (H.B. 11, 3rd C.S., 56th Leg.), (a) forbids the

---

[2] "No bill. . .shall contain more than one subject, which shall be expressed in its title. . . ."

imposition by counties of an occupation
tax upon insurance adjusters; (b) permits
counties to levy occupation taxes upon
coin-operated machines and pistol deal-
ers; (c) is constitutional.

Very truly yours,

WILL WILSON
Attorney General

By _James R. Irion_
James R. Irion
Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

L. P. Lollar
Leon Pesek
Arthur Sandlin
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore